# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

August 4, 2026

**LETTER OPINION**

Re: *Ordonez v. Bowman*
Civil Action No. 22-5888 (JXN)(AME)

Dear Parties:

Before the Court is Defendants Brendan Bowman ("Bowman"), Penske Truck Leasing Co., LP[1] ("Penske"), and Wyche Trucking, LLC's[2] ("Wyche") (collectively, "Defendants") motion for summary judgment. (*See* Mot. Summ. J., ECF No. 38.) Plaintiff Angel Ordonez ("Plaintiff") opposed (Pl.'s Opp'n, ECF No. 39), and Defendants replied (Defs.' Reply, ECF No. 40). For the reasons stated below, the motion is **denied without prejudice** pending the outcome of jurisdictional discovery.

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). "A party's "bald allegations that the corporate parties are 'citizens' of certain states are insufficient to carry its burden of pleading the diversity of the parties." *Id.*

Defendants assert the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which allows federal courts to hear matters between citizens of different states where the amount in controversy exceeds $75,000. (*See* Notice of Removal, ECF No. 1.)

Under § 1332(a), no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules for citizenship are "well established." *Id.* A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* "[T]he citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420. And "the citizenship of a limited partnership is the same as the citizenship(s) of all of its

---

[1] Sued as York Penske.
[2] Sued as Wyche Trucking, LLC and Wyche Trucking, Inc.

partners, including its limited partners." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022).

Here, Defendants assert Plaintiff is a New Jersey resident; Bowman is a Pennsylvania resident; and Wyche is an LLC entirely owned by a Pennsylvania resident. (*See* Notice of Removal ¶¶ 9–11.) So far, so good.

But Defendants assert that Penske is a corporation incorporated and principally doing business in Pennsylvania. (*Id.* ¶ 12.) This will not do. Penske is a *limited partnership*. Penske's citizenship is the citizenship of Penske's partners. Yet Defendants identify neither Penske's partners nor their respective citizenships. The Court, therefore, cannot conclude the parties are completely diverse.

Moreover, the Court questions whether Plaintiff meets the amount-in-controversy requirement. Plaintiff alleges he sustained "serious, severe, and permanent" injuries and his car "was severely damaged." (*See* Compl., ECF No. 1-1.) But the parties have not adduced any record evidence of Plaintiff's injuries through discovery. Moreover, photos of the accident attached to the summary judgment motion do not appear to show damage to Plaintiff's car that meets the threshold. For example, it does not appear Plaintiff's airbags deployed. (*See* Defs.' Ex. B, ECF No. 38-4.)

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, when "the plaintiff contests, or the court questions, the defendant's allegation," *id.*, the defendant must show, "by the preponderance of the evidence, that the amount in controversy exceeds" $75,000, 28 U.S.C. § 1446(c)(2)(B). The Court finds the amount-in-controversy evidence lacking.

"[J]urisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citation omitted). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). Here, Wyche is an LLC and Penske is a limited partnership, making jurisdictional discovery particularly appropriate here.

Therefore, the Court directs the parties to engage in jurisdictional discovery before Magistrate Judge Espinosa to concretely establish Penske's citizenship and the amount in controversy. Because jurisdiction is a prerequisite to ruling on Defendants' motion, the motion for summary judgment is **denied *without prejudice***. Following jurisdictional discovery, Defendants may refile their motion without seeking leave of Court.

An appropriate Order accompanies this Opinion.

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge